**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IBRAHIM SHALASH,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-476-KC** |
| | § | |
| **PAM BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Ibrahim Shalash's Petition for a Writ of Habeas

Corpus, ECF No. 1.  Shalash is detained at the El Paso Service Processing Center in El Paso,

Texas.  *Id.* ¶ 1.  He argues that his detention is unlawful and asks the Court to order his release.

*Id.* ¶¶ 17–26.

Shalash entered the United States in 2024 and turned himself in to U.S. Border Patrol at

that time.  *Id.* ¶ 11.  An immigration judge ("IJ") ordered that Shalash be removed from the

United States on either June 2 or July 2, 2025.  *Id.* ¶ 12; Resp. Ex. A ("Molina Decl.") ¶ 9, ECF

No. 7-1.  Thereafter, Shalash completed paperwork to obtain travel documents from Israel, the

Palestinian Authority, and Jordan.  Pet. ¶ 13.  Shalash alleges that none of those countries have

issued travel documents for him nor indicated that they will accept him.  *Id.* ¶ 16.  Shalash was

never released—as of the date of this Order, he has remained in detention for about twenty

months, nine or ten of which have been in the post removal order context.  *Id.* ¶¶ 6, 12.

On February 18, 2026, the Court found that "[i]f these allegations are true, Shalash likely

meets his burden of providing 'good reason to believe that there is no significant likelihood of

removal in the reasonably foreseeable future.'"  Feb. 18, 2026, Order 3, ECF No. 2 (citing

*Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by either demonstrating that Shalash's removal is likely in the reasonably foreseeable future or deporting him."  *Id.*

In response, Respondents stated that "Shalash is a Stateless Palestinian individual born in Israel" who arrived to the United States in 2024 and has been detained since.  Molina Decl.¶¶ 6–7.  Shalash's removal order became final on July 2, 2025.  *Id.* ¶ 9.  On September 10, 2025, Enforcement and Removal Operations ("ERO") "completed pre-removal checks and forwarded Shalash's file to the Israeli consulate for vetting."  *Id.* ¶ 11.  Then, on November 4, Shalash asked if he could be removed to Mexico, but Mexico did not accept him.  *Id.* ¶ 12.  On January 26, 2026, the Palestinian Authority issued a valid passport, which is pending "processing through the Israeli government."  *Id.* ¶ 13.  Respondents did not expect any impediments to removing Shalash once the Israeli government approved Shalash's travel.  *Id.* ¶¶ 15–16.  At the time, the Court found an additional status update was warranted because it appeared that Respondents would soon be able to remove Shalash.  Mar. 3, 2026, Order, ECF No. 8.

Now, Respondents state that Shalash's request remains pending with the Israeli government, and they do not have any new information on the status of that request.  Status Report Ex. A ("Salazar Decl.") ¶¶ 4–5, ECF No. 11-1.  Further, "the current conflict in the region has led to airport closures."  *Id.* ¶ 5.  As a result, Respondents cannot provide an anticipated timeline for Shalash's removal.  *Id.* ¶ 7.  There is no indication that Shalash bears any responsibility for the delay.

In sum, Respondents have not shown any reasonable likelihood of removing Shalash to the Palestinian Authority.  *See generally* Molina Decl.; Salazar Decl.  Although Shalash received a travel document from the Palestinian Authority, he cannot be removed without Israel's

approval.  Molina Decl. ¶ 10, 13; Salazar Decl. ¶ 4.  Respondents have been awaiting that approval since September 2025, with no indication of when it may come.  If anything, Respondents suggest that prompt approval may be less likely than ever because of military conflicts and airport closures in the Middle East.  *See* Salazar Decl. ¶¶ 6–7.  Apart from the Palestinian Authority, the only country that Respondents have attempted to remove Shalash to is Mexico, but Mexico refused acceptance.  Molina Decl. ¶ 12.  For the past five months, Respondents have made no additional efforts to remove Shalash to any other country.  *See generally* Molina Decl.; Salazar Decl.  Shalash has now been in immigration detention in the post removal order context for nine months.  Respondents cannot provide any information as to when the airport closures will end, much less when the Israeli government will approve any travel request.  This is precisely the type of open-ended detention that is impermissible under *Zadvydas*.

Thus, the burden to show a significant likelihood of removal in the reasonably foreseeable future has shifted to Respondents, and they have failed to carry it.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Araya Mogos v. Thompson*, No. 5:26-cv-740-JKP, 2026 WL 475079, at *6 (W.D. Tex. Feb. 13, 2026); *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART**.  The Court **ORDERS** that, **<u>on or before April 14, 2026</u>**, Respondents shall **RELEASE** Shalash from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **<u>on or before April 14, 2026</u>**, Respondents shall **FILE** notice informing the Court whether Shalash has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the April 14, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 7th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE